```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
JOSEPH J. VACCARO,

                    Plaintiff,            10 Civ. 4288 (NRB)

        - against -                       MEMORANDUM AND ORDER

WATERFRONT HOMES MARINA and
CITY ISLAND YACHT SALES, INC.,

                    Defendants.
----------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

## I. Introduction

Defendants Waterfront Homes Marina and City Island Yacht Sales, Inc. ("defendants") move to dismiss the complaint of plaintiff Joseph J. Vaccaro ("plaintiff") under Federal Rule of Civil Procedure 37(b)(2)(A)(v) for failure to comply with United States Magistrate Judge Michael H. Dolinger's Order, dated June 22, 2011, directing plaintiff to respond to certain document requests. In the alternative, defendants move to preclude plaintiff (i) under Federal Rule of Civil Procedure 37(b)(2)(A)(ii) from introducing in evidence any documents called for in those documents requests; (ii) under Federal Rule of Civil Procedure 37(c)(1) from introducing in evidence the factual testimony of Jim Dias; (iii) under Federal Rule of Civil Procedure 37(c)(1) from introducing in evidence any testimony regarding lost charter damages; and (iv) under Federal Rule of

Evidence 802 from introducing in evidence online weather reports. For the reasons stated below, defendants' motion is denied in part and granted in part.

## II. Background

On May 27, 2010, plaintiff filed suit against defendants, seeking to recover damages on March 13, 2010 to his yacht that allegedly resulted from the failure of the mooring facilities at defendants' marina. Compl. ¶ 9. Though plaintiff has periodically benefited from the advice of a friend who is a lawyer, no attorney has ever appeared on his behalf in this case, and he proceeds pro se. On February 23, 2011, this case was referred to United States Magistrate Judge Michael H. Dolinger for general pre-trial purposes.

On March 16, 2011, Judge Dolinger held a conference at which he ordered plaintiff to serve initial disclosures and interrogatory answers on defendants, Henry Decl. in Supp. of Defs.' Mot. In Limine ("Second Henry Decl.") Ex. E Conf. Tr. 10:12-18, and set May 31, 2011 as the deadline for the parties to complete fact discovery and for plaintiff to designate any experts and produce any expert reports, June 7, 2011 as the deadline for defendants to designate any experts and produce any expert reports, and June 15, 2011 as the deadline for the parties to complete expert discovery. Id. at 17:24-18:2. At this conference, plaintiff explained that his hope for a swift

disposition and an accelerated discovery schedule was partially premised on the fact that he "usually [has] a charter opportunity [for his yacht] in July at $75,000 in New England," an opportunity that he would miss should his yacht not be repaired soon.  Id. at 16:16-17.  On April 6, 2011, Judge Dolinger held a further conference at which he repeated the discovery schedule.  Second Henry Decl. Ex. F Conf. Tr. 4:17-24.

On May 2, 2011, defendants deposed plaintiff.  Of relevance here, defendants' counsel questioned plaintiff on whether he had "ever leased out [his] boats."  Henry Decl. in Supp. of Defs.' Mot. to Preclude and Compel ("First Henry Decl.") Ex. F Dep. Tr. 179:22-23.[1]  In the ensuing line of questions, defendants' counsel learned that in 2010 plaintiff allegedly had missed an opportunity to charter his damaged yacht for $75,000 and that in July 2011 plaintiff allegedly would have a similar charter opportunity for $75,000.  Id. at 179:22-182:23.  On May 3, 2011, defendants served on plaintiff document requests stemming from this deposition, including two requests for documents evidencing offers to charter his yacht during the summer of 2010 and 2011.  See First Henry Decl. Ex. D.[2]

---

[1] Defendants' counsel attached plaintiff's deposition testimony as an exhibit to his declaration in support of a prior motion to preclude and compel, which was filed on June 8, 2011 and decided by Judge Dolinger on June 22, 2011.
[2] Defendants' counsel attached these document requests as an exhibit to his declaration in support of the earlier motion discussed in note 1 above. Though defendants seek relief here that arises directly from these document requests, defendants' counsel did not attach them to his declaration in

On June 6, 2011, Judge Dolinger held a final conference at which several relevant events occurred. First, defendants' counsel indicated that he intended to serve three expert reports on plaintiff on the following day, June 7, 2011, the applicable deadline. Second Henry Decl. Ex. G Conf. Tr. 2:15-19. In connection with this statement, defendants' counsel observed that the deadline for plaintiff to similarly serve any expert reports had passed on May 31, 2011. Id. Second, defendants' counsel asserted that document requests had been served on plaintiff but that plaintiff had not yet responded, representations that plaintiff did not contest. Id. at 4:14-25. Third, in the course of describing these document requests, defendants' counsel stated that "Mr. Vaccaro indicated he is entitled to . . . damages because somebody has offered to charter his boat." Id. at 9:12-20. Fourth, Judge Dolinger

---

support of the pending motion in direct violation of Local Rule 37.1. The document requests relate to six topics: (1) fuel and maintenance plaintiff received from City Island Yacht Sales, Inc. (Requests 1-2); (2) the purchase and installation of plaintiff's onboard washer and dryer (Requests 3-5); (3) the date on which previously produced photographs were taken (Request 6); (4) lost charter damages in 2010 and 2011 (Requests 7-8); (5) the purchase and installation of plaintiff's onboard refrigerator (Requests 9-11); and (6) "the name of the individual from the defendants' insurer who indicated to plaintiff that he should hold off on fixing his boat" (Request 12). First Henry Decl. Ex. D. The relevance of (1) is unclear. The relevance of (2) and (5) stems from defendants' position that pre-existing damage to plaintiff's boat occurred during installation of these appliances. See Second Henry Decl. Ex. G Conf. Tr. 8:11-9:2. The relevance of (3) likely arises from defendants' intent to impeach plaintiff's photographic evidence for the purpose of undermining his damages. The relevance of (4) stems from plaintiff's claim that he is entitled to damages for lost opportunities to charter his yacht. See id. at 9:12-20. The relevance of (6) likely arises from defendants' intent to impeach plaintiff's representation regarding the insurer's statement for the purpose of undermining his mitigation of damages.

4

instructed defendants' counsel to file any request to compel responses to these document requests or to seek other relief by June 8, 2011.  Id. at 9:21-10:1.

On June 8, 2011, defendants moved (i) to preclude plaintiff from offering evidence related to lost charter damages and (ii) to compel plaintiff to respond to those outstanding document requests that were unrelated to lost charter damages.  See Defs.' Notice of Mot. to Preclude and Compel 1.  On June 17, 2011, plaintiff stated in opposing the motion to preclude that "[t]here is no document for chartering during summer of 2010 and 2011" and that "[p]laintiff has no objection to an order precluding such 'non-existent' charter document."  Pl.'s Affirm. in Opp'n to Defs.' Mot. to Preclude and Compel 1 (emphasis in original).  He proceeded to assert "[h]owever [that] plaintiff cannot be precluded from offering testimonial evidence on the state of the charter market in 2010 and 2011 for [similar] vessels."  Id.  On June 22, 2011, Judge Dolinger granted defendants' motion in part, stating in an endorsed order:

> Plaintiff is precluded from offering at trial any evidence concerning lost charters.  He is further ordered to serve by June 30, 2011 responses to defendants' Document Requests 1-6 and 9-12.  Insofar as defendants seek preclusion of any testimony at trial about the state of the charter market, absent expert testimony (which plaintiff never designated) we are unclear as to how he would provide competent evidence, but the ruling as to admissibility of such testimony is for the trial judge.

5

Second Henry Decl. Ex. H.

On June 22, 2011, plaintiff wrote a letter to Judge Dolinger in which he said, "Judge Buchwald had ordered that defendant was to complete its expert examination and report prior to plaintiff's submission." Second Henry Decl. Ex. I.[3] Seemingly because he had by then received defendants' expert reports, plaintiff continued, "[t]herefore I now notify defendant that I have engaged Mr. Jim Dias to offer factual testimony on prevailing costs of repair pertinent to [the] yacht . . . and where necessary and proper to offer expert opinion on costs." Id. On June 24, 2011, Judge Dolinger stated in an endorsed order:

> The prior orders of this court speak for themselves. Plaintiff was given a full opportunity to prepare any expert-witness case, and he failed to do so within the time specified. Hence any proffer of expert-witness testimony by him would be untimely and hence precluded.

Id.

On July 28, 2011, defendants filed an undated joint pre-trial order in which plaintiff listed Jim Dias as a witness who may appear and "[w]eather [r]eports that are public knowledge and available on the internet at Weather Underground" as documentation that may be introduced in evidence. Second Henry Decl. Ex. J. On August 26, 2011, defendants filed the pending

---

[3] We note that this exhibit does not set forth the entirety of plaintiff's letter, which is available in its entirety on the court docket.

motion, having received an extension from Judge Dolinger of the deadline that they felt was applicable pursuant to Federal Rule of Civil Procedure 26(a)(3)(B).

### III. Discussion

#### A. Defendants' Motion to Dismiss

Defendants move to dismiss the complaint pursuant to Rule 37(b)(2)(A)(v), which provides in relevant part that "[i]f a party . . . fails to obey an order to provide . . . discovery . . . the court where the action is pending may issue further just orders . . . [which] may include . . . dismissing the action."  FED. R. CIV. P. 37(b)(2)(A)(v).  While dismissal on the grounds of "discovery failures is a harsh sanction that is to be used only in extreme situations," Simmons v. Abruzzo, 49 F.3d 83, 88 (2d Cir. 1995), dismissal of a pro se plaintiff's complaint on such grounds "may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'" Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quoting Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994)).  The lack of such a warning is determinative here and makes dismissal inappropriate.

#### B. Defendants' Motion to Preclude

In the alternative, defendants seek to preclude plaintiff from introducing in evidence four different categories of documents and testimony.

### 1. Document Request 1-6 and 9-12

Defendants initially seek to preclude plaintiff from introducing in evidence certain requested documents pursuant to Rule 37(b)(2)(A)(ii), which provides in relevant part that "[i]f a party . . . fails to obey an order to provide . . . discovery . . . the court where the action is pending may issue further just orders . . . [which] may include . . . prohibiting the disobedient party from . . . introducing designated matters in evidence."  FED. R. CIV. P. 37(b)(2)(A)(ii).  Two limitations constrain a court's discretion to impose sanctions under Rule 37(b)(2): (1) the sanction must be "just" according to the rule itself and (2) "the sanction must relate to the particular claim to which the discovery order was addressed."  <u>Daval Steel Prods. v. M/V Fakredine</u>, 951 F.2d 1357, 1366 (2d Cir. 1991).

On June 22, 2011, Judge Dolinger clearly ordered plaintiff in writing to serve responses to Document Requests 1-6 and 9-12 by June 30, 2011.  Almost five months later, plaintiff has not only failed to comply with this order but has not even offered an explanation for his non-compliance.  Though defendants ascribe "bad faith" to plaintiff in light of his behavior, Mem. of Law in Supp. of Defs.' Mot. In Limine ("Br.") 2, he does not challenge their characterizations or otherwise address his non-compliance.  He does not suggest that no documents responsive to Document Requests 1-6 and 9-12 exist nor indicate that he has

8

been frustrated in any way from complying with Judge Dolinger's order. Therefore, preclusion of the requested documents is the just and logical consequence of plaintiff's non-compliance, and he is accordingly precluded from introducing in evidence any documents encompassed within Document Requests 1-6 and 9-12 if not previously produced.[4]

While Rule 37(b)(2)(C) provides that "[i]nstead of or in addition to [such a discovery sanction], the court must order the disobedient party . . . to pay the reasonable expenses . . . caused by the failure," this requirement is relaxed where "the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C). See Novak v. Wolpoff & Abramson LLP, 536 F.3d 175, 178 (2d Cir. 2008) (discussing without holding that it appears "an award of reasonable expenses is mandatory unless one of the two exceptions--substantial justification or other circumstances--applies"). Here, defendants do not seek payment of their reasonable expenses, and we find that the combination of two factors establishes "other circumstances" that would make the imposition of a monetary sanction unjust. First, though plaintiff's pro se status does not shelter him from sanction, he

---

[4] Precluding these documents will not compromise plaintiff's core claim that damages to his yacht resulted from the failure of the mooring facilities at defendants' marina and thus is far from tantamount to dismissing his complaint. See supra note 2 (describing the requested documents and their apparent relevance to non-core consequential damages and impeachment of plaintiff's case).

9

is held to a lesser standard than represented parties.  See 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 37.51[9][a] (3d ed. 2010) ("'other circumstances' are most likely to arise when a litigant is proceeding pro se, and is not held to the same standards as represented parties").  Second, as noted above, see supra note 2, defendants failed to comply with Local Rule 37.1 in connection with this particular claim for relief, and as discussed below, the further relief sought by plaintiffs is premature and/or unwarranted.  Thus awarding defendants their reasonable expenses for filing a procedurally deficient motion that we also find largely wanting seems unjust.

### 2. Jim Dias

We turn now to defendants' effort to preclude plaintiff from offering Jim Dias's ("Dias") factual testimony pursuant to Rule 37(c)(1).  On June 22, 2011, plaintiff nominated Dias "to offer factual testimony on prevailing costs of repair pertinent to [the] yacht . . . and where necessary and proper to offer expert opinion on costs," Second Henry Decl. Ex. I.  In his endorsed order of June 24, 2011, Judge Dolinger precluded plaintiff from introducing in evidence expert testimony in response to plaintiff's untimely designation of Dias as an expert witness.  The parties do not challenge this order, which if challenged, we would readily affirm as not "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Defendants now

seek an order precluding Dias as a fact witness as well as an expert witness. It is far from clear, however, that plaintiff even seeks to offer Dias as a fact witness. Rather, plaintiff's opposition papers seem to suggest that he remains hopeful of using Dias as an expert witness. That is not an option. Thus, to the extent that defendants' motion is directed at a possible effort to call Dias as a fact witness it is entirely premature.

### 3. Lost Charter Damages

Defendants next argue that plaintiff should be precluded from offering any testimonial evidence regarding lost charter damages pursuant to Rule 37(c)(1). According to defendants, in his order of June 22, 2011, Judge Dolinger "precluded the introduction of documentary evidence[] but deferred the question of testimonial evidence [regarding lost charter damages] to the trial judge," Br. 7, an interpretation of the order that is mistaken. The two keys to understanding the order, which we affirm, are that (i) plaintiff had already stated in writing that he possessed no document relating to lost charter damages and so no document responsive to Document Requests 7-8 and that (ii) Judge Dolinger was differentiating in his order between expert and non-expert testimonial evidence, the former of which he properly excluded in light of plaintiff's failure to timely designate expert witnesses.

11

Accordingly, defendants must be arguing that non-expert testimonial evidence on lost charter damages should be precluded pursuant to Rule 37(c)(1). We find this argument unavailing. Pursuant to Rule 37(c)(1), preclusion of evidence relating to a category of damages not identified in initial disclosures under Rule 26(a)(1)(A)(iii) or supplemental disclosures under Rule 26(e)(1)(A) or another listed sanction is automatic <u>unless</u> the non-disclosure was substantially justified or harmless. <u>Design Strategy, Inc. v. Davis</u>, 469 F.3d 284, 297-98 (2d Cir. 2006).

Defendants' counsel asserts that plaintiff did not initially identify lost charter damages nor supplement his initial disclosures, Second Henry Decl. ¶ 5, and defendants insist that introduction of "this surprising evidence" would considerably prejudice them at trial. Br. 9. Defendants' argument for preclusion is unpersuasive because plaintiff's failure to formally claim lost charter damages was rendered harmless by his disclosure at his deposition on May 2, 2011-- four weeks prior to the deadline for fact discovery and five weeks prior to the deadline for defendants to designate experts and serve expert reports--of a lost charter opportunity in 2010 for $75,000 and a forthcoming charter opportunity in 2011 for $75,000. <u>See</u> First Henry Decl. Ex. F Dep. Tr. 179:22-182:23. In fact, following this deposition, defendants' counsel requested documents evidencing offers to charter plaintiff's

yacht.  See First Henry Decl. Ex. D.  Thereafter, defendants' counsel acknowledged on the record that "Mr. Vaccaro [has] indicated he is entitled to . . . damages because somebody has offered to charter his boat."  Second Henry Decl. Ex. G Conf. Tr. 9:12-20.  Thus defendants' counsel was aware well prior to the deadlines for fact and expert discovery that plaintiff allegedly suffered lost charter damages.  Plaintiff's failure or inability to support his claim with documentary evidence or expert testimony will obviously weaken its weight and persuasiveness, but he cannot be precluded from testifying about lost charter damages.

### 4. Weather Reports

Federal Rule of Evidence 801(c) provides that "'[h]earsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FED. R. EVID. 801(c).  Federal Rule of Evidence 802 in turn prohibits the admission of hearsay barring an applicable exception.  FED. R. EVID. 802.  Assuming that plaintiff intends to offer the weather reports listed in the joint pre-trial order as evidence of the truth of the matter asserted in them (i.e. the weather conditions on March 13, 2010), they would be hearsay.  However, there appear to be hearsay exceptions that may well be applicable.  See FED. R. EVID. 803(8) (public records and reports); 803(17) (excepting

"published compilations . . . generally used and relied upon by the public or by persons in particular occupations"). See also Conoco Inc. v. Dep't of Energy, 99 F.3d 387, 393 (Fed. Cir. 1996) (listing weather reports among other documents that fall within Rule 803(17) and that are "prepared with the view that they would be in general use by . . . members of the public having a general need to rely on information of that type").

## IV. Conclusion

For the reasons stated above, defendants' motion is denied in part and granted in part.[5] The parties are directed to attend a conference on December 20, 2011 at 2:45 p.m. in Courtroom 21A to address the proceedings going forward.

Dated:     New York, New York
           November 29, 2011

                                         NAOMI REICE BUCHWALD
                                         UNITED STATES DISTRICT JUDGE

---

[5] We note in conclusion that while plaintiff may not have listed in the pre-trial order the remnants of the allegedly rotting dock that failed to secure his yacht, as defendants bring to our attention, see Henry Decl. in Further Supp. of Defs.' Mot. In Limine ¶ 7, the fact that plaintiff intended to rely on this physical evidence has been clear to defendants for the entirety of this case, and plaintiff will certainly be permitted to offer such evidence in any future proceedings. We trust that defendants continue to meet their strict obligation to preserve this physical evidence.

14

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

<u>Plaintiff</u>:
Joseph J. Vaccaro
547 Halstead Avenue
Mamaroneck, NY 10543

<u>Attorney for Defendants</u>:
David S. Henry, Esq.
Marks, O'Neill, O'Brien & Courtney, P.C.
530 Saw Mill River Road
Elmsford, NY 10523